[Crim. No. 355. First Appellate District.—December 12, 1911.]

## THE PEOPLE, Respondent, v. HARDIE LEWIS, Appellant.

CRIMINAL LAW—MURDER—SELF-DEFENSE — REFUSAL OF REQUESTED IN-
STRUCTION—EMBODIMENT IN CHARGE OF COURT.—Where a defendant
charged with murder and convicted of manslaughter requested an
instruction upon the subject of self-defense, the refusal, to give
it is without prejudice, if the instruction, assuming it not to be
objectionable in other respects specified, was, in its last analy-
sis, but a reiteration of that portion of the charge of the court
wherein the jury were told, in substance, that in deciding to what
extent a man may go in resisting an assault, he may act upon the
circumstances as they appear to him, and will not be held to the
same strict accountability for an error in judgment, or for the use
of force disproportionate to the impending danger as one who is not
required to act quickly.

ID.—SUFFICIENCY OF CHARGE OF COURT—REFUSAL OF REQUESTED IN-
STRUCTION NOT PREJUDICIAL.—Where no complaint is made that the
charge of the court, as a whole, did not completely and correctly
cover every phase of the case, including the law and the evidence
applicable to the defendant's claim of self-defense, it cannot be said
that the refusal of the trial court to give the particular requested
instruction prejudiced the defendant, or tended to his prejudice in
respect to any of his substantial rights.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order denying a new trial. E. P. McDaniel, Judge presiding.

The facts are stated in the opinion of the court.

A. L. Frick, and F. M. Carr, for Appellant.

U. S. Webb, Attorney General, and J. Charles Jones, Deputy Attorney General, for Respondent.

LENNON, P. J.—The defendant was tried upon an information charging him with the crime of murder, and was convicted of manslaughter. His appeal, which is from the judgment and an order denying a new trial, presents for determination the single point of the trial court's refusal to give a requested instruction upon the subject of self-defense, defendant claiming, in support of his plea of not guilty, that his acts were justified upon that ground.

The circumstances leading up to the crime need not be related. With reference to the immediate facts of the killing which have any bearing upon the point under consideration, it appears from the evidence that the defendant fired at least five shots, three of which found lodgment in the body of the deceased. Two of the latter shots inflicted only superficial wounds, which in no wise contributed to the death of the deceased. One of the three shots penetrated and fractured the skull of the deceased, and was necessarily fatal.

The shooting commenced in a Pullman car which was standing in the West Oakland yards of the Southern Pacific Railroad Company, and when it ceased the deceased was lying on the ground at or near the end of the car. The defendant did not take the stand to give his version of the difficulty, and as none of the witnesses testified exactly as to what occurred during the affray, it is difficult to say when and where, whether in the car or out of it, all of the several shots which took effect were fired. It is certain, however, that at least one shot was fired at the deceased while he was lying on the ground, but whether this last shot reached its mark is not made manifest by any direct evidence.

It is the contention of counsel for the defendant that, considering the nature of the wounds and the course of the bullets, the evidence fairly indicated that the two men must have been standing in an upright position and about on a level when the shot which caused the wound in the head was fired, and that the defendant must have been at an elevation above the deceased when the two shots which inflicted only superficial wounds were fired. From this assumption of fact it is inferred that the fatal wound in the head was inflicted by one of the shots fired in the car; that of the two remaining shots which reached the deceased the first was fired as he was fleeing or falling from the rear steps of the car, and the second while he was prostrate on the ground. This contention, and the inference deduced therefrom, formed the basis of a requested instruction which the court refused to give, and which in effect required a verdict of not guilty if the jury found as a fact, regardless of how many shots the defendant fired into the body of the deceased, that the first shot was fatal and fired in necessary self-defense.

Upon an examination of that portion of the record pertinent to the point presented, we are unwilling to concede that the evidence is fairly susceptible of the construction placed upon it by counsel for the defendant; but even if it were conceded that the evidence shows all that counsel claims for it, the requested instruction was properly refused. Assuming that the instruction in question correctly stated the law, that it was free from the vice of being argumentative and in the nature of a special plea, which singled out and gave undue prominence to a particular phase of the case, it was in its ultimate analysis but a reiteration of that portion of the charge of the court wherein the jury were told, in substance, that in deciding to what extent a man may go in resisting an assault he may act upon the circumstances as they appear to him, and will not be held to the same strict accountability for an error in judgment or for the use of force disproportionate to the impending danger as one who is not required to act quickly.

No complaint is made that the charge of the court as a whole did not completely and correctly cover every phase of the case, including the law and the evidence applicable to the

defendant's claim of self-defense; and therefore it cannot be said that the refusal of the trial court to give the particular requested instruction prejudiced the defendant or tended to his prejudice in respect to any of his substantial rights.

The judgment and order are affirmed.

Kerrigan, J., and Hall, J., concurred.